**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| BRIAN MCALLISTER,<br>    *Plaintiff,*<br><br>    v.<br><br>NATALIE J. MOORE, MD, et al.,<br>    *Defendants.* | No. 3:25-cv-02001 (VAB) |

**INITIAL REVIEW ORDER**

Brian McAllister ("Plaintiff"), a sentenced inmate housed at Brooklyn Correctional

Institution in the custody of the Department of Correction ("DOC"),[1] has filed a *pro se* Complaint

under 42 U.S.C. § 1983. He brings this suit against Defendants UCONN HealthCare providers

Natalie J. Moore, MD, Tiguiran Kane, DO, Jennifer Kautsen, MD, Marco Molina, MD, Paola

Tabaro Pico, MD, Richard G. Williams, MD, and Cheshire Correctional Institution's RN Debra

Cruz (collectively, "Defendants"). *See* Compl., ECF No. 1 at 1 ("Compl.").

Construed liberally, Mr. McAllister brings claims against the Defendants for alleged

violations of his rights under the Fourteenth Amendment for deliberate indifference to his medical

needs while he was a pretrial detainee at Cheshire Correctional Institution ("Cheshire CI") and a

patient at UCONN Health Care. *See id.*

For the following reasons, Mr. McAllister's Complaint is **DISMISSED** without prejudice.

If Mr. McAllister wishes to replead his claims in order to attempt to state a viable claim, he may

file an Amended Complaint on or before **June 19, 2026**.

---

[1] The Court may "take judicial notice of relevant matters of public record," *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012), and state court records, *Velasco v. Gonclavez*, No. 3:21-CV-1573 (MPS), 2022 WL 19340, at *2, n.2 (D. Conn. Jan. 3, 2022). The Connecticut DOC website reflects that Mr. McAllister was admitted to the DOC on February 4, 2020, and he was sentenced on April 21, 2025. *See* Connecticut DOC Inmate Information, https://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=249984 (last visited Apr. 29, 2026).

Failure to file an Amended Complaint on or before **June 19, 2026**, will result in the original Complaint being dismissed with prejudice, and the Clerk of Court closing this case.

## I.      FACTUAL BACKGROUND[2]

On November 19, 2022, while Mr. McAllister was housed at Cheshire CI, he alleges that he was injured while playing basketball, and he allegedly heard his "groin pop." Compl. ¶¶ 1-2. Mr. McAllister claims that he was unable to walk, but the correctional officer allegedly made him walk to the infirmary. *Id*. ¶ 3. Once he arrived at the infirmary, a nurse allegedly told the correctional officers that Mr. McAllister needed to go to the emergency room at UCONN Healthcare. *Id*. ¶ 4.

Mr. McAllister was sent to UCONN Healthcare, and once he arrived at the hospital, he claims to have been given an "x-ray and a CT scan[,] which came back negative." *Id*. ¶ 5. Mr. McAllister alleges that the physician, Dr. Moore, told him that he might have a "muscle strain." *Id*. He also alleges that he was asked by one of "the doctors and her female intern, if they can check [his] genitals and rectum[,] which had already showed up negative on the CT scan, but still had nothing to do with [his] groin injury." *Id*. ¶ 6. Mr. McAllister further claims that after being given medication and remaining in the hospital for ten hours with no food, he began vomiting, but "[n]o surgery was conducted." *Id*. ¶ 7. He further alleges that "despite being in the hospital for [his] injuries and excruciating pain and not [being] able to walk, no MRI was conducted, only medication was administered." *Id*. ¶ 8.

Once Mr. McAllister returned to Cheshire CI, he allegedly was not given any help or treatment besides more medication. *Id*. ¶ 9. He alleges that he was unable to walk and that the pain

---

[2] While the Court does not set forth all facts alleged in Mr. McAllister's Complaint, it summarizes his basic factual allegations here to give context to its rulings below.

still exists to this day. *Id*. Mr. McAllister claims that the facility doctor and nurse put him on a list to see the DOC orthopedist back in February 2023, but he allegedly still has not seen anyone for his injuries and remains in pain almost four years later. *Id*. ¶¶ 9-10.

Mr. McAllister brings claims for deliberate indifference to his medical needs and state law negligence, and he seeks monetary damages. *Id*. at 6.

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'" (quoting 28 U.S.C. § 1915A)).

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id*. at 556 (internal quotation marks omitted). Complaints filed by *pro se* plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford pro se litigants).

## III.  DISCUSSION

### A.  The Personal Involvement Requirement

As an initial matter, a plaintiff seeking monetary damages from a defendant must allege facts that establish the personal involvement of that defendant in the alleged constitutional violation. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (noting "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983") (citation modified). This is true with respect to supervisory officials as well. *See Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020) (a plaintiff must "plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability").

Although Mr. McAllister does not preface whether he sues the Defendants in their individual and official capacities, he solely seeks monetary damages, and thus, the Court can infer that Mr. McAllister brings this suit against Defendants in only their individual capacities.

But Mr. McAllister has not alleged any facts in his Complaint about any alleged conduct by UCONN Health providers Kane, Kautsen, Molina, Tabaro Pico, Williams, or Cheshire CI's Nurse Cruz.

Accordingly, because Mr. McAllister has failed to address whether these Defendants were personally involved in any alleged constitutional violations, these Defendants will be dismissed under 28 U.S.C. § 1915A(b)(1).

**B.      The Fourteenth Amendment Deliberate Indifference Claim**

"To sustain a claim for deliberate indifference to serious medical needs, a plaintiff must satisfy, first, an objective prong showing that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process. . . ." *Sims v. City of New York*, 788 F. App'x 62, 63 (2d Cir. 2019) (citation modified) (quoting *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017)). The Second Circuit has identified several factors that are "highly relevant" to the question of whether a medical condition is sufficiently serious, including "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). A medical condition may not initially be serious, but may become serious because it is degenerative and, if left untreated or neglected for a long period of time, could "result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000).

Next, a plaintiff must show that the defendants "acted with at least deliberate indifference to the challenged conditions." *Darnell*, 849 F.3d at 29. A detainee can show that defendants acted with deliberate indifference by alleging either "that the defendants knew that failing to provide the complained of medical treatment would pose a substantial risk to his health or that the defendants should have known that failing to provide the omitted medical treatment would pose a substantial risk to the detainee's health." *Lara-Grimaldi v. Cnty. of Putnam*, 132 F.4th 614, 632-33 (2d Cir. 2025) (emphasis omitted) (citation omitted).

Mr. McAllister briefly mentions Dr. Moore within the body of his Complaint regarding the medical treatment he received at UCONN Healthcare. *See* Compl. ¶ 5. Because Mr. McAllister was a pretrial detainee at the time of the alleged events set forth in his Complaint, his deliberate indifference claim will be assessed under the Fourteenth Amendment. *See Darnell*, 849 F.3d at 29.

For purposes of initial review, Mr. McAllister's allegations of being in excruciating pain and unable to walk because of an injury sufficient to constitute an objectively serious medical need. But Mr. McAllister's allegations against Dr. Moore are scarce and he fails to plead a plausible deliberate indifference claim.

Mr. McAllister only alleges that Dr. Moore told him that he had a muscle strain. Compl. ¶ 5. There are no allegations pleaded to show that Dr. Moore failed to provide medical care or delayed medical care for Mr. McAllister, or that Dr. Moore was aware or should have been aware of a substantial risk of harm to Mr. McAllister's health.

Accordingly, Mr. McAllister's claims against Dr. Moore will be dismissed under 28 U.S.C. § 1915A(b)(1).[3]

---

[3] Mr. McAllister also brings a state law claim for negligence. A district court has discretion either to retain or decline supplemental jurisdiction over a state law claim asserted against a defendant who has no federal claims pending against it. *Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004). A court may decline to exercise supplemental jurisdiction based on the factors laid out in 28 U.S.C. § 1367(c). *See Kaplan v. Cnty. of Orange*, 528 F.

## IV. ORDERS

For the foregoing reasons, the Court enters the following orders:

Mr. McAllister's Complaint is **DISMISSED** without prejudice for failure to allege the personal involvement of Defendants Kane, Kautsen, Molina, Tabaro Pico, Williams, and Cruz in any alleged constitutional violations and for failure to state a plausible claim for relief against Defendant Moore under 42 U.S.C. § 1983.

If Mr. McAllister wishes to replead his claims in order to attempt to state a viable claim, he may file an Amended Complaint on or before **June 19, 2026**. He must state facts about what each Defendant did to him, when, and under what circumstances, and these allegations and claims must be contained in one single Amended Complaint. *See Inkel v. Lamont*, No. 22-CV-00439 (SVN), 2022 WL 3910814, at *1, n. 1 (D. Conn. Aug. 31, 2022).

Any Amended Complaint must include a case caption that names all Defendants against whom he asserts claims. **An Amended Complaint, if filed, will completely replace the original Complaint, and the Court will not consider any allegations made in the original Complaint in evaluating any Amended Complaint.**

The Court will review any Amended Complaint after filing to determine whether it may proceed to service of process on any Defendants named therein. If Mr. McAllister does not file an Amended Complaint on or before **June 19, 2026**, the Court will direct the Clerk of Court to close this case.

**Changes of Address.** If Mr. McAllister changes his address at any time during the litigation of this case, Local Rule 83.1(c) 2 provides that he **MUST** notify the court. Failure to do

---

Supp. 3d 141, 160–61 & n. 6 (S.D.N.Y. 2021). Because Mr. McAllister has failed to plead any plausible constitutional claims, the Courts declines to retain supplemental jurisdiction over any state law claim.

so can result in the dismissal of the case. Mr. McAllister f must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Mr. McAllister has more than one pending case, he should indicate all the case numbers in the notification of change of address. Mr. McAllister shall utilize the Prisoner Efiling Program when filing documents with the court. He is advised that the Program may be used only to file documents with the court.

**SO ORDERED** at New Haven, Connecticut, this 8th day of May, 2026.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE